UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 4:11-CR-00477 |
| | § |
| JASON MICHAEL LALL, *et al*, | § |
| | § |
| Defendants. | § |

## **OPINION AND ORDER**

Pending before the Court in the above referenced cause are Movant Jason Michael Lall's[1] ("Lall's") § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 140), Brief in Support (Document No. 141), Affidavit (Document No. 149) and Memorandum in Support (Document No. 156). The Government has filed a Motion to Dismiss (Document No. 158) and Lall filed a Response to the Government's Motion to Dismiss (Document No. 161). United States Magistrate Judge Frances Stacy then ordered Movant's attorney, Dustan Neyland, to respond to Movant's allegations (Document No. 164). Attorney Neyland filed his Response (Document No. 165), and Lall and his mother each filed Responses thereto (Documents Nos. 167 and 168).

**The Magistrate Judge's Memorandum and Recommendation**

The Magistrate Judge recommended in her Memorandum and Recommendation that the Government's Motion to Dismiss be granted in part on all of Movant's claims, except for his claim that he instructed counsel to file a direct appeal and that counsel failed to do so (Document No. 177). The Magistrate Judge further recommended that an evidentiary hearing be held on this remaining claim. Lall has filed objections to the Magistrate Judge's Memorandum and

---

[1] Lall is a *pro se* litigant. He filed a Motion to Appoint Counsel (Document No. 171), which United States Magistrate Judge Frances Stacy denied (Document No. 172).

Recommendation (Doc. Nos. 179, 180, and 182).

Lall alleged that the Government breached his plea agreement by holding him accountable for losses in excess of $57,808.15, and that his counsel was constitutionally ineffective in objecting to this breach and for failing to rebut the Government's loss calculation. The Magistrate Judge found that, as part of his plea agreement, Lall waived his right to collaterally challenge his conviction and sentence, and that his waiver was "knowing and voluntary" under the standard set forth in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Lall's claims were able to be waived because they related to counsel's performance at sentencing, "not the validity of the waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343-4 (5th Cir. 2002). Additionally, the Magistrate Judge found that Lall's claims failed on the merits, as the government did not breach his plea agreement, and his counsel was not constitutionally ineffective under the test described in *Strickland v. Washington*. 466 U.S. 668, 687 (1994) (Defendant must show his counsel was deficient, and that "counsel's errors were so serious as to deprive the defendant of a fair trial").

Lall also alleged that his counsel was constitutionally ineffective for failing to file a direct appeal. The Magistrate Judge wrote that an attorney's failure to "follow the defendant's express instructions with respect to an appeal" constitutes deficient counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Additionally, counsel can be deficient by failing to discuss an appeal "when there is reason to think either (1) that a reasonable defendant would want to appeal […] or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. This deficiency is presumed to be prejudicial, if a movant "is able to demonstrate by a preponderance of the evidence that he requested an appeal." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).    Lall, Lall's mother, and Lall's counsel filed

conflicting affidavits on the issue of whether Lall requested an appeal or discussed an appeal with his counsel (Document Nos. 165, 167, and 168). Therefore, the Magistrate Judge recommended an evidentiary hearing on the issue.

Finally, the Magistrate Judge held that Lall's additional claims in his Affidavit (Document No. 149) and Memorandum in Support (Document No. 156) are time-barred under the one-year statute of limitations in § 2255(f).

**Decision**

Where Lall has not objected to the findings of the Magistrate Judge, the Court will review the Memorandum and Recommendation of the Magistrate Judge under a "clearly erroneous, abuse of discretion and contrary to law" standard, but where Lall has objected, the Court must engage in a *de novo* review. *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court finds that the portions of the Magistrate Judge's Memorandum and Recommendation not challenged by Lall are not clearly erroneous or contrary to law. Therefore the Court addresses *de novo* the objections raised by Lall.[2]

Lall first objects to the Magistrate Judge's finding that "the plea agreement was breached by holding movant liable for additional crimes, specifically point of sale transactions[3]" and that "movant raised the issue in his first petition that he was not to be charged for 'other transactions' known to the United States" (Document No. 179, page 1). Essentially Lall objects to the fact that his restitution was deemed to be $339,375.27, an amount which Lall argues is not possible

---

[2] Lall filed objections to the Magistrate Judge's Memorandum and Recommendation on November 18, 2014, November 20, 2014, and March 9, 2015 (Doc. Nos. 179, 180 and 182). According to 28 U.S.C.A. § 636(b)(1)(C), "within fourteen days after being served with a copy [of the Magistrate Judge's proposed findings and recommendations], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *See also* Fed.R.Civ.P. 72(b), General Order 80-5, S.D. Texas. The Magistrate Judge filed her Memorandum and Recommendation on October 30, 2014. Therefore, Lall's objections were not timely filed within fourteen days; however, the Court will still consider the merits of Lall's objections.

[3] A "point of sale" transaction refers to using the stolen cards to make a purchase at a store, rather than using them to withdraw cash from an ATM.

because he only withdrew money from ATMs in round-dollar amounts. Therefore Lall believes his charges must include use of the ATM cards in "point of sale" transactions, in order to explain the non-round number of his restitution. However, as noted by the Magistrate Judge, Lall's plea agreement "clearly states that the facts were **among others** that would be offered" and the loss amount in his Pre-Sentence Investigation Report ("PSR") was based on "**all relevant conduct** charged during the conspiracy" (Document No. 177, page 15). Therefore both included other conduct which may have led to the loss amount being uneven. At sentencing Lall's attorney objected to the loss calculation, but failed to demonstrate that the loss amount in the PSR was "materially untrue;" thus the court did not err in relying on the PSR. *United States v. Alaniz*, 726 F.3d 586, 618-619 (5th Cir. 2013).  Now Lall's objection fails because this district court does not have jurisdiction to "modify [a] restitution order under § 2255, a writ of coram nobis, or 'any other federal law'" *United States v. Hatten,* 167 F.3d 884, 886–87 & nn. 3 & 6 (5th Cir. 1999).

     Lall also objects to the Magistrate Judge's finding that "movant's amendment dated 12-5-2013 is not time bared [*sic*] as it 'asserts a claim or defense that arose out of the conduct, transaction or occurrence set out-or attempted to be set out in the original pleading'" (Document No. 179, page 1). However, motions under § 2255 must be filed within one year of the date on which movant's conviction becomes final. Lall's conviction became final on April 6, 2012, two weeks after the entry of judgment on March 23, 2012 (Document No. 131). Lall argues that his December 2013 filing should relate back to his March 14, 2013 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 140) and Brief in Support (Document No. 141), pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. However, as stated by the Magistrate Judge,

"none of Lall's new claims[4] clarify or amplify a theory that he raised in his timely filed § 2255 motion" (Document No. 177, page 19) (citing *United States v. Thomas*, 221 F.3d 430, 433-34 (3rd Cir. 2000). *See also United States v. Gonzales-Hernandez*, 2011 WL 4424765, at *5 (S.D. Tex. Sept. 21, 2011). Therefore this objection fails.

Lall then objects to the finding in his PSR that the total loss amount of the conspiracy, excluding times when Lall was in federal prison, was $339,375.27 (Document No. 180, page 1). Lall argues that this amount should not be uneven, because he only withdrew even-numbered amounts from ATM's.[5] As noted above, Lall did not demonstrate at sentencing that this amount was materially untrue, and this district court does not have jurisdiction to modify the restitution order under § 2255. *Hatten,* 167 F.3d at 886–87 & nn. 3 & 6. Therefore this objection also fails.

Next, Lall objects to the Magistrate Judge's Memorandum and Recommendation, on the grounds that "Leslie Jordan's testimony was perjured at the movant's sentencing hearing, and the government knew or should have known that Jordan testified falsely" and that "Jordan's testimony at movant's sentencing is incredible as a matter of law" (Document No. 182, page 1). This objection fails for the same reasons as above. Jordan stated at sentencing that one possible reason for a non-round amount of loss would be the use of the ATM cards at a machine which charged a non-round fee, such as $1.99[6] (Document No. 152, page 15). Lall did not dispute this possibility at sentencing, nor did his counsel demonstrate that the amount was materially untrue.

---

[4] Lall claims that the Government constructively amended his indictment (Document No. 156, pages 4-5), but does not mention this theory in his intial, timely Brief (Document No. 141). The remainder of the August and December 2013 filings re-state the claims in Lall's brief, but do not clarify or amplify these claims.

[5] Lall attaches an affidavit to his objections, stating this fact (Document No. 179, Exhibit C). However, his statement alone does not demonstrate that the loss calculation is "materially untrue." *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 429 (5th Cir. 2014) ("Self-serving statements are insufficient to meet the defendant's burden.").

[6] In addition to the affidavit submitted with Document No. 179, Lall includes data in Document Nos. 180 and 182 that lists several Houston banks with round-number ATM fees. However, Lall's data does not include every ATM in Houston, and fails to take into account other factors that could contribute to the loss amount, such as interest.

Now, the district court does not have the discretion to modify the restitution order. *Hatten,* 167 F.3d at 886–87 & nn. 3 & 6.

Having considered all applicable motions and the evidence in support thereof, the Magistrate Judge's Memorandum and Recommendation, the record of the case, and all applicable law, the Court adopts the Magistrate Judge's Memorandum and Recommendation as its own and

ORDERS that Movant Lall's § 2255 motion is DENIED in part on all claims, except for his claim that he instructed counsel to file a direct appeal and that counsel failed to do so.

By separate order the Court will set an evidentiary hearing to determine the validity of Lall's claim that he instructed counsel to file a direct appeal, and counsel failed to do so.

SIGNED at Houston, Texas, this 23rd day of September, 2015.

                                      MELINDA HARMON
                                UNITED STATES DISTRICT JUDGE